UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUCY ANA AGUILERA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:26-cv-4732-EPG

FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(ECF Nos. 1, 11).

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits.[1]

Disputed Issue:

1. Whether substantial evidence supports the ALJ's step five determination in which the ALJ relied upon the vocational expert's testimony regarding occupations Plaintiff could perform given her limitations.

[1] The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

(ECF No. 11 at 3[2]).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court recommends as follows.

# I. ANALYSIS

## a. Step-Five Determination and reliance upon the Vocational Expert's Testimony

Plaintiff argues the ALJ could not reasonably find the vocational expert's testimony reliable because reliance on the vocational sources identified by the VE undermined the job of Marker that was identified as appropriate given the RFC in the case. Additionally, no DOT title was provided for one of the other two jobs. (ECF No. 11-2 at 5).

Defendant argues substantial evidence supports the step five determination as the ALJ reasonably relied on the vocational expert's testimony. (ECF No. 13 at 4).

At step five, the ALJ must determine whether there are a significant number of jobs available for the claimant in the national economy considering the claimant's age, education, work experience, and residual functional capacity. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1560(c). An ALJ will find a claimant is not disabled if the evidence shows she can perform work in occupations existing in significant numbers. 20 C.F.R. § 404.1520(a)(4)(v). In determining what constitutes a significant number of jobs, the Ninth Circuit has characterized 25,000 national jobs as "a close call" but ultimately sufficient. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). *See also Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 nationwide jobs significant)*; Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir. 2002) (622,000 nationwide jobs significant)*; Moore v. Apfel,* 216 F.3d 864, 869 (9th Cir. 2000) (125,000 nationwide jobs significant).

An ALJ's determination as to whether work exists in significant numbers must be supported by "substantial evidence," which "is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 522 (quotation marks and citation omitted). This can be done by

[2] Page cites refer to the blue page numbers provided by CM/ECF.

relying on VE testimony. 20 C.F.R. § 404.1566(e); *Biestek*, 587 U.S. at 105 (holding that a vocational expert's testimony is "the kind of evidence— far more than a mere scintilla—that a reasonable mind might accept as adequate to support a finding about job availability") (internal quotation marks and citation omitted).

Under Social Security Ruling ("SSR") 24-3p, vocational experts may use other reliable sources outside of the Dictionary of Occupational Titles ("DOT"), including sources that may be structured differently than the DOT. At a hearing, vocational experts are expected to identify the sources of the data they use and, where applicable, to explain their general approach to estimating job numbers. If the vocational expert uses a source that defines exertion, skill, or education level differently than the agency, the vocational expert is expected to acknowledge and explain the difference.

As an initial matter, the Court notes at step four the ALJ found Plaintiff had a residual functional capacity

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for about four hours, stand for about three hours, and walk for about one hour in an eight hour workday; never climb ladders, or scaffolds, crouch, or crawl; frequently climb ramps and stairs, and balance; and occasionally stoop, kneel, reach in all directions, and push or pull with the upper extremities. She can never work at unprotected heights or around fastmoving machinery and can never be exposed to wetness and humidity, concentrated vibration, or extreme heat or cold.

(A.R[3]. 18). Based on the resulting RFC and the vocational expert testimony, the ALJ found Plaintiff was unable to perform any past relevant work, but could perform other occupations existing in significant numbers in the national economy, such as a marker, information clerk, and inspector and hand packager. (A.R. 24-26). The vocational expert further testified that there are 40,000 jobs in the national economy for the position of marker, after accounting for the seventy-five percent restriction of the sit/stand option in the RFC; 2,400 jobs for the position of information clerk; and 7,000 jobs for inspector and hand packager. (A.R. 25, 360).

Plaintiff's argument is premised on two points: (1) the sources utilized by the VE presented conflict with the RFC and jobs identified; and (2) although the VE identified the jobs of

---

[3] Citations to the administrative record reflect the page number in the bottom right-hand corner of the record.

inspector and hand packager, the VE did not provide the DOT titles for the job. (ECF No. 11-2 at 7-8).

Specifically, Plaintiff argues that one of the sources consulted by the vocational expert, the Bureau of Labor Statistics Occupational Requirement Survey ("BLS" "ORS"), indicates that the Marker job is unable to be performed by an individual who must sit for four hours, stand for three, and walk for one hour in an eight-hour workday. (ECF No. 11-2 at 7, citing ECF No. 11-3). Additionally, Plaintiff argues ORS indicates that 74.8% of workers in the Marker job must lift more than 25 pounds, but less than 50 pounds seldomly, which conflicts with the vocational expert's testimony that the marker job was "light" and only required the occasional maximum lifting of twenty pounds. (ECF No. 11-2 at 8). Plaintiff contends this requirement eliminates almost all the jobs in the national economy on that basis. (*Id.*).

In making the argument, Plaintiff points to ORS data for stockers and order fillers. (ECF No. 11-2 at 7, citing ECF No. 11-3). However, Plaintiff only utilizes one of the sources that the vocational expert relied upon. In a completed vocational interrogatory, the vocational expert identified the sources relied upon to provide evidence during her testimony. (A.R. 360). These sources were "the DOT, SOC, and standard vocational reference materials and US government publication, along with my professional training education, experience and observations of jobs." (*Id.*).

Plaintiff also argues that the vocational expert did not provide the DOT title for the inspector and hand packager job, which makes it difficult to search the DOT online. (ECF No. 11-2 at 8-9). As Defendant points out, although the vocational expert did not provide a DOT number for the inspector and hand packager job, an online search of DOT for the occupation "Inspector and Hand Packager" provides the first result of the Inspector and Hand Packager occupation (DOT #559.687- 074), which is a light SVP 2 job. (ECF No. 13 at 7).

Upon review, of Plaintiff's various points, the Court finds no error regarding the vocational expert's sources and the ALJ's reliance on the vocational expert's testimony.

Beginning with the evidence provided by the vocational expert, the Court notes that, ultimately, the ALJ is responsible for determining whether the evidence provided by a vocational

expert is adequate to support a step five determination that Plaintiff can perform a significant number of jobs in the national economy. SSR 24-3p. In this case, the ALJ did as much when the ALJ inquired about the sources utilized and the general approach used for estimating the number of jobs available. (A.R. 356-367). The ALJ further inquired about any conflict between those sources and agency definitions for exertion, education, or skill, and provided an opportunity for cross examination, which Plaintiff's counsel undertook during the hearing. (*Id.*).

Additionally, the Court finds any error regarding the DOT titles for inspector and hand packager to be harmless because the DOT titles for these positions were readily obtainable. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (noting that "harmless error applies in the Social Security context"). Moreover, the two remaining occupations amount to approximately 42,400 national jobs, which is sufficient to support the ALJ's step-five finding. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d at 519, 529 (9th Cir. 2014) (holding that 25,000 national jobs presented a "close call" but nevertheless constituted a "significant number of jobs").

In short, the vocational expert testimony met the requirements set out in SSR 24-3p and the failure to provide the DOT titles of Inspector and Hand packager was harmless. As such, substantial evidence supports the ALJ's step five finding.

## II. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner of the Social Security Administration is affirmed. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 10, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE